IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM PRICE, #K97032, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-cv-00499-JPG<br>) |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, COUNTY OF CUMBERLAND, and UNKNOWN PARTIES, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Price, an inmate who is currently incarcerated in Big Muddy River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by the Cumberland County Sheriff's Department. (Doc. 1). He seeks declaratory relief and monetary damages against the defendants. (Doc. 1, p. 5). Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Complaint**

On or around May 19, 2017, Irene Weaver contacted the Toledo Police Department and requested an emergency dispatch to assist with an "incident" at her residence, which is located at 504 5th Street in Jewitt, Illinois. (Doc. 1, p. 2). She indicated that William Price, who also resided at the address, intended to commit suicide by overdosing on Thorzine tablets. *Id*. The police were dispatched to the residence, where they found Price watching television. *Id*.

At the time, Price was not engaged in any conduct that would have provided reasonable grounds to believe he had or was about to engage in any wrongdoing. (Doc. 1, p. 2). The police nevertheless arrested him without cause or provocation. *Id*. In the process, they used excessive force against him. *Id*.

Among other things, the police grabbed Plaintiff and slammed him against the camper's window, causing it to shatter. (Doc. 1, p. 2). They slammed him against the floor, shoved a gun in his face, and handcuffed him while violently twisting his arms behind his back. *Id*. This caused Plaintiff to suffer from abrasions and "extreme pain." *Id*. Once he was handcuffed,

Plaintiff was also stunned with a taser gun "multiple times." *Id*. The officers then dragged Plaintiff from his residence and forced him into a police vehicle where he was shackled, causing "public disorder." (Doc. 1, p. 3).

When Price arrived at Cumberland County Sheriff's Department, he requested medical treatment. (Doc. 1, p. 3). Instead of providing him with medical care, however, Price was again subdued using a taser gun on three separate occasions. *Id*. This caused "high voltage to penetrate his back and rib cage." *Id*. During one episode, the officers responded to his request for medical care by placing Price in a locked and windowless cell, strapping him into a chair, turning off the lights, using the taser on him, punching him, and then threatening to do it again if he did not stop "whin[ing]." *Id*. All the while, they ignored his pleas for medical treatment. *Id*. Plaintiff was then forced to spend the night strapped into the chair. *Id*.

The following morning, Price was released on bail. (Doc. 1, p. 3). His family immediately noticed bruises and abrasions on his body. *Id*. They requested an official investigation into the matter. *Id*. They were told to "just leave the matter alone," or "more charges may be added." (Doc. 1, pp. 3-4). Price was taken to a hospital, where he was admitted for treatment. (Doc. 1, p. 3). Photographs were taken of bruises and abrasions to his ankles, heels, wrists, buttocks, chest, back, and rib cage. *Id*.

## Discussion

The Court deems it appropriate to divide the *pro se* action into the following enumerated counts to facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b):

**Count 1 -** Excessive force claim against Cumberland County Sheriff's Department for the incident that occurred on or around May 19, 2017.

**Count 2 -** Denial of medical care claim against Cumberland County Sheriff's Department for ignoring Plaintiff's request for medical treatment on or around May 19, 2017.

**Count 3** - Retaliation claim against Cumberland County Sheriff's Department for threatening to use physical force against Plaintiff for exercising his right to seek redress of his grievances through the use of the grievance system following the incident that occurred on or around May 19, 2017.

**Count 4** - Indemnification claim against Cumberland County pursuant to 745 ILCS § 10/9-102.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding the merits of the above-referenced claims. Any other claims in the Complaint that are not identified above are inadequately pled under *Twombly* and are considered dismissed without prejudice from this action.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which imposes tort liability on state actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). Liability under § 1983 hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Government officials may not be held liable for the unconstitutional conduct of their subordinates under § 1983 because the doctrine of *respondeat superior* is inapplicable in this context. *Id*. (citing *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under § 1983)). Therefore, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

For this reason, Plaintiff cannot assert claims against ill-defined groups of defendants that include entire government agencies. All of the defendants listed in the case caption fit into this

4

category, including Cumberland County Sheriff's Department, County of Cumberland, and "Individual Defendants." Plaintiff also refers to Toledo Police Department or Toledo Police Officers in the statement of his claim, but he did not name them as defendants in this action. Plaintiff does not allege that their misconduct resulted from a broader policy, custom, or practice attributable to the county. It therefore appears that his claims arise from the misconduct of individual officers. Under the circumstances presented, the Court is simply unable to discern who in these ill-defined groups was personally involved in the deprivation of Plaintiff's constitutional rights.

Before this case can proceed, Plaintiff must re-plead his claims against the *specific individuals* who were responsible for the deprivation of his constitutional rights. If he does not know the names of particular individuals, he should simply refer to each individual in generic terms in the case caption and throughout the statement of his claim (*e.g.*, "John Doe #1 (Toledo Police Officer)" or "John Doe #2 (Cumberland County Jail Administrator))." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Court will then establish a plan and deadlines for identifying the unknown defendants with specificity during the course of litigation.

The fact that Plaintiff may have already referred to individuals in generic terms or by name in the statement of his claim is not enough, where he failed to identify them as defendants in this action. These individuals include, but are not limited to, "Toledo Police Officers." When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant

5

must be "specif[ied] in the caption"). All claims against these individuals are dismissed without prejudice to Plaintiff pursuing relief against them by filing an amended complaint in this case, in which he names them as defendants, or by bringing a separate action against them.

The Court will immediately recruit counsel to represent Plaintiff in this matter before screening his Complaint under 28 U.S.C. § 1915A. The Court will also allow Plaintiff and his attorney ample time to prepare and file a First Amended Complaint that sets forth all of his claims. The First Amended Complaint will supersede and replace the original Complaint, rendering it void. Therefore, Plaintiff will need to work closely with counsel to prepare a comprehensive statement of his claims against each of the defendants and refile it along with any exhibits he wishes to include in support of the claims.

Counsel will be recruited to represent Plaintiff in preparing his amended complaint and going forward *in this action only*. Section 1915(e)(1) provides that "[t]he district court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2), which has been granted. (Doc. 7). It appears that he is unable to afford counsel. Further, the Court specifically finds that counsel is necessary to investigate and adequately articulate Plaintiff's claims against the specific individual defendants who participated in each constitutional deprivation. *See Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). In light of these considerations, the Court will assign counsel, randomly selected through the CM-ECF system, to represent Plaintiff in this matter.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **GRANTED**.

**IT IS ORDERED** that, for the reasons stated above, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Brittany L. Newell of Mickes, Goldman, & O'Toole, LLC, located at 12444 Powerscourt Drive, Suite 400, St. Louis, Missouri, 63131, is **ASSIGNED** to represent Plaintiff Price in this civil rights case. On or before **June 6, 2018**, assigned counsel shall enter her appearance in this case. Attorney Brittany Newell is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order, copies of the docket sheet, and the Complaint (Doc. 1) to attorney Brittany Newell. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that screening of the original Complaint (Doc. 1) is **DEFERRED** for 60 days. If Plaintiff wishes to replace the original Complaint with a First Amended Complaint, Plaintiff, by and through counsel, shall prepare and file the First Amended Complaint on or before **July 22, 2018**. The First Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312)593-6998 or email at JamesPChapman@aol.com. His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district. You are also encouraged to view online lectures presented by Mr. Chapman at www.illinoislegaladvocate.org (under "Legal Resources" then "Prisoners' Rights"). In addition, the Court's website, www.ilsd.uscourts.gov, includes a Prison Litigation handbook

which is available to you as a resource. It is listed under "Forms" as "Attorney Information - Prisoner Litigation Handbook." The Court encourages you to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**WILLIAM PRICE, No. K97032**
**Big Muddy River Correctional Center**
**251 N. Illinois Highway 37**
**P.O. Box 900**
**Ina, IL 62846**

**IT IS SO ORDERED.**

**DATED: May 23, 2018**

s/J. Phil Gilbert
**District Judge**
**United States District Court**
