IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM PRICE, #K97032, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CUMBERLAND COUNTY SHERIFF'S ) <br> DEPARTMENT, STEPHEN OZIER, ) <br> CUMBERLAND COUNTY, ) <br> BERLIN PETERS, ) <br> DANIEL HANLEY, ) <br> LEON HANLEY, ) <br> JACK CLINE, and ) <br> VILLAGE OF TOLEDO, ) <br> ) <br> Defendants. ) | Case No. 18-cv-00499-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 29) filed by Plaintiff William Price. Plaintiff is an inmate in the Illinois Department of Corrections ("IDOC"), and he brings this civil rights action pursuant to 42 U.S.C. § 1983 for federal and state law deprivations that occurred in connection with his arrest and detention in Cumberland County, Illinois. (Doc. 29). He seeks declaratory judgment, money damages, permanent injunctive relief, and attorney fees. (*Id*.).

The First Amended Complaint is now subject to screening pursuant to 28 U.S.C. § 1915A, which requires the Court to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a First Amended Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint: Plaintiff's claims arise from his arrest on May 19, 2017. (Doc. 29, pp. 1-13). On that date, the owner of his residence contacted the Cumberland County Sheriff's Department and advised the authorities that Plaintiff needed hospital treatment for mental health issues. (*Id*. at pp. 3-4). She met Officers Peters, Hanley, and Woodrum[1] at the residence and swore out a complaint against Plaintiff after discovering him tossing property from the window. (*Id*. at p. 4).

Plaintiff was forcibly dragged from the residence, placed in shackles, and transported to the Cumberland County Jail ("Jail") by Cumberland County and Village of Toledo officers. (Doc. 29, p. 5). In the process, Officer D. Hanley[2] fired a taser that struck Plaintiff in the chest. (*Id*. at p. 4). Officers D. Hanley and Peters[3] shoved a gun in his face, kicked and punched him, applied overly-tight cuffs, and continued using their tasers on him. Plaintiff was denied medical treatment for his injuries. (*Id*.).

Upon his arrival at the Jail, Officers Leon Hanley, Peters, D. Hanley, Woodrum, and Cline restrained Plaintiff by placing him in a chair and strapping his chest and ankles to it while he remained cuffed behind his back. (Doc. 29, pp. 5-7). When Plaintiff complained of serious pain and injuries that required medical treatment, the officers simply tightened the restraints. (*Id*. at p. 9). Plaintiff was unable to stand or walk unassisted after being released from the restraints more than three hours later. (*Id*.).

---

[1] Officer Woodrum is not named as a defendant in the case caption of the First Amended Complaint, and Plaintiff brings no claim against him. Any related claims against Officer Woodrum are considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party).
[2] Daniel Hanley was the Acting Chief of the Village of Toledo Police Department at the time.
[3] Berlin Peters was employed as a Cumberland County Sheriff's Deputy.

Plaintiff's mother contacted the Jail and informed Officer Leon Hanley that he needed medication and medical care. (Doc. 29, p. 7). However, Plaintiff was released from custody the following day before receiving treatment. His family took him to the hospital for treatment of burns, abrasions, and head trauma. Plaintiff remained hospitalized for ten days. (*Id*.).

Plaintiff now claims that Sheriff Stephen Ozier, acting in his official capacity, is responsible for a pattern or practice of excessive force and inadequate medical care of detainees. (Doc. 29, pp. 9-12). He brings state law claims for indemnification against Cumberland County and Village of Toledo and for spoliation of evidence against Sheriff Ozier, Village of Toledo, Berlin, and D. Hanley who have not produced data from the tasers used on May 19, 2017. (*Id*.).

## **Discussion**

Upon review of the First Amended Complaint, the Court finds that Plaintiff has pleaded the following claims:

**Count 1 -** Federal excessive force claim against Officers Berlin Peters, Daniel Hanley, Leon Hanley, and Jack Cline arising from Plaintiff's arrest and detention on May 19-20, 2017.

**Count 2 -** Federal denial of medical care claim against Officers Berlin Peters, Daniel Hanley, Leon Hanley, and Jack Cline arising from their failure to treat Plaintiff's injuries on May 19-20, 2017.

**Count 3 -** Federal *Monell* claim against Sheriff Ozier, in his official capacity, Cumberland County, and Cumberland County Sheriff's Department for the use of excessive force and denial of medical care incident to Plaintiff's arrest and detention on May 19-20, 2017.

**Count 4 -** State law spoliation claim against Sheriff Ozier, Officer Berlin Peters, Officer Daniel Hanley, and Village of Toledo arising from their failure to produce information regarding the tasers used in Plaintiff's arrest and detention on May 19, 2017.

**Count 5 -** Indemnification claim against Cumberland County and Village of Toledo pursuant to 745 ILCS § 10/9-102.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. Any claims that are not identified above should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983, which imposes tort liability on state actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). Liability under Section 1983 hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must plead that each government official defendant, through the official's own individual actions, violated the Constitution. *Id*. Government officials may not be held liable for the unconstitutional conduct of their subordinates under Section 1983 because the doctrine of *respondeat superior* is inapplicable in this context. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under Section 1983). However, a local government may be subject to liability when an "official policy, widespread custom, or action by an official with policy-making authority" was the "'moving force' behind [a] constitutional injury." *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)).

Plaintiff sets forth sufficient allegations to support an excessive force claim in Count 1 against Officers Peters, Daniel Hanley, Leon Hanley, and Cline. He also offers sufficient allegations to support a claim for the denial of medical care in Count 2 against Officers Peters, Daniel Hanley, Leon Hanley, and Cline. The *Monell* claim in Count 3 likewise survives screening against Sheriff Ozier, in his official capacity, Cumberland County, and Cumberland County Sheriff's Department for the widespread practice or custom of using excessive force during the

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

arrest and detention and denying medical care of individuals in Cumberland County. *See Monell*, 436 U.S. at 691; *Dixon*, 819 F.3d at 348 (quoting *Harris*, 489 U.S. at 379). *See also Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007) (noting that liability of the sheriff's department and county are derivative of sheriff's official-capacity liability).

The state law spoliation claim[5] can proceed under Illinois negligence law. Although Illinois does not recognize a claim for intentional spoliation of evidence, a plaintiff can bring a claim for negligent spoliation of evidence, if certain requirements are met. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 273 (Ill. 1995). Plaintiff must plead: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) an injury proximately caused by the breach; (4) and damages. *Id*. at 270. Plaintiff alleges that the defendants failed to maintain or produce evidence for the tasers used during his arrest, even after the suit was filed and they were notified of the obligation to preserve this evidence. *Id*. Plaintiff has adequately stated a negligent spoliation claim against Sheriff Ozier, Officer Berlin Peters, Officer Daniel Hanley, and Village of Toledo.

Finally, the indemnification claim in Count 5 survives screening against Cumberland County and Village of Toledo under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, which directs municipalities to pay certain judgments for torts committed by employees while acting within the scope of their employment.

**Disposition**

**IT IS ORDERED** that **COUNTS 1** through **5** survive screening under 28 U.S.C. § 1915A and are subject to further review, as follows:

- **COUNTS 1** and **2** against Defendants **BERLIN PETERS, DANIEL HANLEY, LEON HANLEY,** and **JACK CLINE**;

---

[5] This Court has supplemental jurisdiction over the state law claims because they involve the same facts as the federal claims. *See* 28 U.S.C. § 1367(a).

- **COUNT 3** against Defendant **STEPHEN OZIER**, in his official capacity only, **CUMBERLAND COUNTY,** and **CUMBERLAND COUNTY SHERIFF'S DEPARTMENT**;

- **COUNT 4** against Defendants **STEPHEN OZIER, BERLIN PETERS, DANIEL HANLEY,** and **VILLAGE OF TOLEDO**; and

- **COUNT 5** against Defendant **CUMBERLAND COUNTY** and **VILLAGE OF TOLEDO**.

These claims are **DISMISSED** with prejudice against those defendants who are not mentioned in connection with each claim herein for failure to state a claim for relief against them.

As to **COUNTS 1, 2, 3, 4,** and **5**, the Clerk of Court is **DIRECTED** to issue summons for Defendants **STEPHEN OZIER, CUMBERLAND COUNTY, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, VILLAGE OF TOLEDO, BERLIN PETERS, LEON HANLEY, JACK CLINE,** and **DANIEL HANLEY**. Plaintiff's counsel shall be responsible for service of this lawsuit on these defendants.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: March 18, 2019**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
